NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DAVID LEVENTHAL, PETITIONER, v. WRIGHT AERO-
NAUTICAL CORPORATION, RESPONDENT.

Decided December 30, 1946.

For the respondent, *John W. Taylor.*

For the petitioner, *Maurice Leventhal.*

A formal claim petition having been filed by petitioner seeking benefits under the terms and provisions of the Workmen's Compensation Act of the State of New Jersey, as:

amended and supplemented, *N. J. S. A.* 34:15–1, *et seq.,* and respondent having duly filed its answer, this matter came on for hearing before me at Paterson in the regular way on October 11th, 1946.

Petitioner testified that he was employed by respondent in Department 408; that he played on a softball team which represented Department 207 in an inter-departmental league and also played on a team, claimed to represent respondent's plant in the North Jersey Industrial League; that the latter team was known as the "Wright Aero." team and was the same. team which played in the inter-departmental league as the Department 207 team; that the "Wright Aero." team wore uniforms furnished by respondent, bearing the legend "Wright Aero." and these uniforms were also worn by the team in inter-departmental league play; that the standings of both teams were posted on bulletin boards located in various parts of respondent's plant and such postings were controlled by the company recreation department, which also gave considerable publicity to team activities in the official company paper "Wright At The Moment;" that the umpires employed in various games played by the teams were paid by respondent; that he suffered his claimed injury while playing in an inter-departmental league game on June 5th, 1945, which was attended by some two or three hundred spectators.

Frank Colvin testified for petitioner to the effect that he also played on the team; that uniforms were furnished by respondent; that the umpires at each game were paid by respondent and that publicity was given the teams' activities, both on the company bulletin boards and in the plant paper.

On cross-examination, both petitioner and Colvin, admitted that they played ball on their own time and provided their own transportation to the playing field.

Salvatore Fierro, testifying for petitioner, stated that he was the team manager, that uniforms were furnished by respondent to the players participating in the North Jersey Industrial League games; that the uniforms worn by the team in North Jersey Industrial League games were not worn as such when the team played in inter-departmental league games although various players on the team wore certain

portions of the uniform but ordinarily wore miscellaneous clothing while playing in inter-departmental league games; that umpires, balls and bats, &c., were furnished by respondent; that the players played on their own time; that he personally selected the players on the team and out of his own personal funds had posted $25 security with the North Jersey Industrial League on behalf of the team and for this reason considered it his own personal privilege to pick the players on the team.

The real issue is whether or not petitioner suffered injury by reason of an accident which arose out of and in the course of his employment by respondent. While it is generally true that the Workmen's Compensation Act is remedial and therefore liberally construed, it is equally well settled that a liberal construction of the Compensation Act cannot, in anywise, form the basis for an award unless there exists a factual situation which establishes that the employee suffered injury by accident "arising out of and in the course of" his employment. I find as a fact that the evidence does not show that respondent in anywise benefited by petitioner's participation in the inter-departmental game and, for that matter, also find that there is no testimony from which it can be concluded that respondent in any way benefited by his playing on the team which played in the North Jersey Industrial League; that the hazard of injury by playing ball was not a risk of injury reasonably instant to petitioner's regular employment but one voluntarily assumed by him; that the injury was sustained at a time and place not associated with petitioner's employment and as a consequence the injury occurred by reason of an accidental episode which did not occur in the course of nor arise out of petitioner's employment.

It is therefore this 30th day of December, 1946, ordered that the formal claim petition herein filed and the proceedings thereon be and hereby is dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*